BURWELL v. BALT. & O. RD. CO.

Ohio Appeals, 6th Dist., Huron Co.

No. 235. Decided Apr. 26, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

297. CONTRACTS—287. Consideration.

Essential, in order to enable one furnishing information under contract to recover therefor, that information be new and not such as is matter of common knowledge.

Error to Common Pleas.
Judgment affirmed.

Young & Young, Norwalk, for Burwell.

G. Ray Craig, Norwalk, for B. & O. Rd. Co.

FULL TEXT.
WILLIAMS, J.

The plaintiff, William G. Burwell, brought a suit against the defendant, The Baltimore & Ohio Railroad Company, to recover for furnishing information which, it was claimed, resulted in securing a much-needed supply of water at Willard, Ohio, for the use of the defendant company. At the conclusion of the plaintiff's evidence the court below directed a verdict in favor of the defendant. Judgment was entered thereon and this action is brought to secure a reversal of that judgment.

Plaintiff's evidence discloses that he had resided in Willard for many years and had knowledge of the fact that the railroad company was compelled to run trains to Sandusky to carry water for its uses at Willard and that it was necessary to run a train daily in the summer time, at an expense of about $1,000.00 per day. The plaintiff first wrote to the vice-president of the defendant company to the effect that he, the plaintiff, had a plan for furnishing an inexhaustible supply of pure water within one mile of the round house at a nominal expense. The vice-president answered indicating that he was interested, and thereupon the plaintiff, by letter, made an offer to disclose his plan upon the payment of $25,000.00 by the railroad company. A short time after the plaintiff had

written the letter last referred to he was visited by representatives of the railroad company, and although these representatives had no authority to enter into a contract plaintiff finally disclosed his plan to them, for which he indicated that he should have $10,000.00 if put into successful operation. Plaintiff's plan was for the railroad company to drill a well or wells within a mile of their roundhouse at Willard, upon the theory that there was a subterranean river there. The plaintiff had no actual information about such a river, and it appears that both the municipality and the railroad company had from time to time sunk wells from which they secured more or less water, and such wells were the chief, if not the only, source of water supply for the municipality.

Contracts to furnish information may be valid and enforcible. It is, however, essential, in order to enable one furnishing information under such a contract, to recover therefor, that the information should be new and not such as is a matter of common knowledge. We think the rule is well stated in Masline v. Railroad Co. 112 Atl., 639:

"When information is proffered as the consideration for a contract, it is necessarily implied, is indeed of the essence of the proffer, that the information shall be new to the one to whom it is proffered. A statement to one of what he already knows is not as to him information but merely a statement of a fact already known. The imparting of the information in a situation like this must involve an active process resulting in arousing or suggesting ideas or notions not before existent in the mind of the recipient. Otherwise it is not information in the true sense of the term, although it may be a statement of fact."

The plaintiff had no knowledge of a subterranean river, nor had the railroad company, nor is it shown that such river exists. On the other hand, the railroad company did know that within a mile of its round house there was water underground for several wells were in successful operation and the railroad company itself had done some drilling and knew that water in greater or less quantities could be so obtained. The plaintiff imparted no information to the railroad company which it did not have and in fact gave no information as to facts known to the plaintiff which were not matters of common knowledge. Plaintiff's idea that there was a subterranean river was a mere supposition and, in so far as the evidence discloses, remains such to this day.

We are of the opinion that the trial court did not err in directing a verdict for the defendant.

Richards and Lloyd, JJ., concur.